841 P.2d 1085

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert ROSEMAN, Defendant–Appellant.**

Nos. 19717, 19723.

Court of Appeals of Idaho.

Nov. 3, 1992.

Gara B. Newman, Rupert, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

This appeal involves two cases which were consolidated on appeal and consolidated for trial in the district court. A jury convicted Robert Roseman of lewd conduct with an eight-year old girl and acquitted him of a second count in the first case. He was also found guilty of lewd conduct with a nine-year old girl in the second case. I.C. § 18–1508. Thereafter the court sentenced Roseman to two unified five-year sentences, each with a two-year fixed term followed by a three-year indeterminate term, to run concurrently. Roseman appeals contending that the court abused its sentencing discretion and that, in light of his medical condition, the sentences constitute cruel and unusual punishment. We affirm.

At the time these offenses were committed, Roseman was seventy-eight years old and lived approximately one and one-half blocks from an elementary school. Young children often played at his house. The girls testified that Roseman was their friend and nice to them before he commit-

ted the criminal acts which consisted of manual-genital and genital-genital contact.

At the sentencing hearing, witnesses testified for the defense that the trial and the time since the trial had negatively impacted Roseman's well-being. Witnesses stated that Roseman appeared depressed and that incarceration would most likely further deteriorate his health. Roseman also testified at the sentencing hearing that he had problems with his hip and lower back which cause severe pain. He stated that he had been attempting to schedule surgery for his hip and back at the Veteran's Administration (VA) hospital in Salt Lake City. At trial, Roseman also indicated that he had kidney, prostate and bladder problems in the two years prior to trial. Roseman continued to maintain his innocence at the sentencing hearing as he had done at trial. No doctor testified as to the extent of Roseman's medical conditions.

■ Our standard of review for an allegedly excessive sentence is well-established; a defendant has the burden to show that the court clearly abused its sentencing discretion. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981). To show such an abuse of discretion, the defendant must show that his sentence is unreasonable. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). We consider Roseman's two-year fixed term as the term of confinement for the purpose of sentence review. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989). In our independent review of the record, we focus upon the nature of the offense and the character of the defendant. *State v. Shideler*, 103 Idaho 593, 651 P.2d 527 (1982).

■ Roseman asserts that due to his lack of a prior felony record, his advanced age and medical problems, the district court abused its discretion in sentencing him to fixed terms of two years. Roseman also contends that the court should have placed him on retained jurisdiction pursuant to I.C. § 19–2601(4). We cannot agree with Roseman that under the facts of this case his sentences are unreasonable.

A psychological report was prepared prior to trial by a licensed psychologist. The psychologist ultimately concluded that if Roseman did not commit the crimes, then he presented no danger to the public because he did not express any retaliatory feelings. However, the psychologist also concluded that if Roseman did commit the crimes, which the jury ultimately found, then he did pose a threat to the public because he expressed no remorse and denied any culpability. The presentence investigation report reveals that Roseman was cited for a basic rule infraction in 1985, and charged with, tried and acquitted of indecent exposure in 1984 in California.

The district court considered the objectives of criminal punishment, primarily the protection of society, and secondarily deterrence, rehabilitation and retribution as set forth in *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1957). The court pointed out that Roseman was convicted of two very serious counts and that he denied any responsibility. The court considered Roseman's denial of culpability significant as it impaired his ability to be deterred and rehabilitated. Having considered the reasonableness of the sentences under the standards expressed in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982), we cannot conclude that Roseman has met his burden to show his sentences are unreasonable and that the district court clearly abused its discretion.

■ The second issue Roseman raises is that his incarceration constitutes cruel and unusual punishment, thus violating his rights under the Eighth Amendment, due to his medical condition and inability to obtain hip surgery as he had planned. Roseman did not raise this issue below, although he did argue that his advanced age and various medical problems were mitigating factors. We cannot consider issues raised for the first time on appeal. *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992). Generally, failure to raise constitutional issues below constitutes waiver of those issues on appeal. *Whitehawk v. State*, 119 Idaho 168, 804 P.2d 341 (Ct.App. 1991) (citing *Sullivan v. Sullivan*, 102 Idaho 737, 639 P.2d 435 (1981)). Moreover, Roseman makes no attempt to show that

the exception to the general rule is triggered, namely that this issue concerned a "fundamental error" of the lower court.

 Even if hypothetically the issue constituted fundamental error, Roseman presents no basis in the record upon which we can conclude that his incarceration constitutes cruel and unusual punishment. Because Roseman asserts a constitutional violation, he has the burden of showing that the sentence is actually cruel and unusual because he cannot obtain the medical treatment he desires. *State v. Stansbury,* 108 Idaho 652, 701 P.2d 272 (Ct.App.1985). Imprisonment of someone with health problems is not necessarily cruel and unusual punishment. *Id.* The record contains no statements from doctors or medical records indicating the extent specific medical care or surgery is necessary. Rather, the most poignant evidence in the record addressing Roseman's medical conditions is testimony from Roseman himself at his sentencing hearing. Roseman stated that "they" (presumably VA doctors) had been discussing hip replacement surgery for a year and one-half prior to his sentencing hearing, and that he had surgery scheduled for January, 1992. Roseman's testimony, especially in light of the fact that Roseman was able to commit the crimes and attend his trial and sentencing hearing, does not satisfy his burden to show that his sentences are cruel and unusual. *See Clemens v. State,* 112 Idaho 638, 733 P.2d 1263 (Ct. App.1987) (habeas petitioner must show actions amounting to deliberate indifference to serious medical needs and that claim is based on more than his own lay disagreement with treating physician's opinion) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *Cooper v. State,* 97 Idaho 781, 554 P.2d 959 (1976)).

We affirm the judgments of conviction and sentences.

WALTERS, C.J., and SILAK, J., concur.