855 P.2d 478

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry SAPP, Defendant–Appellant.**

**No. 19588.**

Court of Appeals of Idaho.

June 29, 1993.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Larry Sapp entered a guilty plea to the charges of delivery of cocaine and possession of cocaine with intent to deliver in exchange for the state's dismissal of another delivery charge. I.C. § 37–2732(a)(1)(A). The district court sentenced Sapp to two concurrent sentences consisting of four years fixed and four years indeterminate for delivery and a four-year fixed sentence for possession with intent to deliver. Sapp filed a Rule 35 motion which was denied, and he appeals from the order denying the motion. We affirm.

· Sapp raises several issues. Sapp contends that he is being illegally detained in violation of his due process rights because there exists no judgment and commitment. Sapp also asserts that the district court erred by imposing or "reimposing" sentences in Sapp's absence. Finally, Sapp contends that the sentences imposed are excessive, and thus the district court abused its sentencing discretion. The state contends that the notice of appeal is timely only with respect to the denial of the Rule 35 motion. Therefore, we must first decide which issues are properly before the Court.

Contrary to Sapp's contention, a judgment and commitment was filed on December 26, 1990. After a period of retained jurisdiction and a report from the jurisdictional review committee recommending probation from the North Idaho Correctional Institute (NICI) in Cottonwood, the court temporarily suspended the sentence on May 13, 1991. The court ordered Sapp released from the custody of NICI and placed in the custody of the Canyon County Sheriff and further ordered Sapp to appear in court on May 24, 1991.

On May 21, 1991, however, the court filed an order relinquishing jurisdiction based on a new report from the jurisdictional review committee. The report informed the court of Sapp's receipt of several disciplinary offense reports arising from

one occasion of disobedience of orders and his commission of internal NICI rule violations, namely, unauthorized possession of kitchen and commissary items. The new recommendation to drop jurisdiction followed the committee's conclusion that Sapp had failed to significantly change his attitude, that he minimized his responsibility and that he had initially refused to cooperate with an officer. The committee was of the opinion that Sapp would continue to have problems if placed on probation.

On June 7, 1991, Sapp moved the court to reconsider its May 21 order to relinquish jurisdiction. The court heard the motion on June 17, and denied the motion. On August 20, Sapp moved the court to reduce his sentence under I.C.R. 35. On September 6, a hearing on Sapp's Rule 35 motion was held. The court minutes from that hearing reflect that the court denied the motion. Sapp filed his notice of appeal on October 11, 1991, from the court's order denying the Rule 35 motion.

■ The state contends that the notice of appeal is untimely with respect to all of the issues raised by Sapp. The state correctly points out that the notice of appeal (October 11) was filed more than forty-two days after the order to quash jurisdiction (May 21). I.A.R. 14. The state notes that Sapp did not argue in his brief that the time period to file an appeal was tolled by his filing of a motion to reconsider. Further the state contends that Sapp could not avail himself of this argument because Sapp's motion to reconsider was filed seventeen days after the order relinquishing jurisdiction, and thus it cannot serve to toll the period in which to file an appeal. *See* I.A.R. 14(a) (motion which could affect judgment filed within fourteen days thereof tolls the appellate filing period). As a result, the state asserts that all issues with respect to the judgment of conviction, sentence and retention of jurisdiction are not properly raised. *See State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). We agree.

■ The notice of appeal is timely with regard to the court's denial of the Rule 35 motion. However, Sapp does not expressly contend that the district court abused its discretion when it denied the Rule 35 motion. Sapp only broadly asserts that the court erred in sentencing him too harshly, and that he has been incarcerated long enough to satisfy all of the sentencing goals. He has hardly framed an issue specific to the denial of his Rule 35 motion. Nevertheless, because our standard of review of a Rule 35 determination dictates that we apply the same criteria used for determining the reasonableness of the original sentence, and Sapp's argument is broadly presented, we will address this issue. *See State v. Matthews,* 118 Idaho 659, 663, 798 P.2d 941, 945 (Ct.App.1990) (stating the standard of appellate review of denial of Rule 35 motion).

■ The maximum penalty for each of the two crimes Sapp pled guilty to is life imprisonment in addition to a $25,000 maximum fine. I.C. § 37–2732(a)(1)(A). Sapp's sentences are within the statutory maximum; therefore, we will not disturb the sentences unless he shows that the district court clearly abused its discretion. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989). We may conclude that the court abused its discretion if the sentence is unreasonable. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The sentence is unreasonable if it is excessive under the facts of the case and in consideration of the four objectives of sentencing: the protection of society, deterrence, rehabilitation, and retribution. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). We treat the fixed portion of the concurrent sentences, in this case four years, as the term of confinement for purposes of review. *State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989). We review sentences in light of the nature of the offense, the defendant's character and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982).

■ Sapp was thirty-seven years old when sentenced. He did not have a prior felony record; however, his presentence investigation report reveals several moving violations and misdemeanors for reckless driving, driving without privileges and driv-

ing without insurance. Sapp stated at the sentencing hearing that previously he had never sold drugs for profit. He did admit to selling drugs to keep some for his own use. As to the specific nature of the offenses, Sapp sold approximately one gram of cocaine on one occasion and 2.79 grams of cocaine on another.

In light of Sapp's violation of several NICI rules after the jurisdictional review committee had recommended probation, the committee's final recommendation against probation, and his character and the nature of the offenses, we cannot say that under any reasonable view of the facts the district court abused its discretion in denying his Rule 35 motion or that the sentences are unreasonable. For the above reasons, we hold that the district court did not abuse its discretion in denying Sapp's request for a reduction of his sentence. The order denying the Rule 35 motion is affirmed.

LANSING, J., concurs.

WALTERS, C.J., concurs in the result, concluding that the Court need not review the lower court's decision on the appellant's motion for relief under I.C.R. 35 because the propriety of that decision was not expressly raised as an issue on this appeal.