939 P.2d 863

STATE of Idaho, Plaintiff–Respondent,

v.

Ryan David ROBERTSON,
Defendant–Appellant.

No. 23407.

Court of Appeals of Idaho.

June 26, 1997.

William M. Killen, P.A., McCall, for defendant–appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for plaintiff–respondent.

PERRY, Judge.

In this case we are asked to review a sentence entered upon a guilty plea to second degree murder. I.C. §§ 18–4001 and – 4003(g). Ryan D. Robertson was sentenced to an indeterminate life term, with twenty-five years fixed, following his guilty plea to second degree murder for the fatal shooting of Jeffery Towers. Robertson claims that the sentence is unduly harsh and excessive and constitutes cruel and unusual punishment. He also appeals the district court's denial of his motion for a reduction of his sentence under I.C.R. 35. We affirm.

## I.

### FACTS AND PROCEDURE

In May 1995, Robertson and several friends were staying in a cabin in the Paddy Flats area of Valley County. On the evening of May 24, 1995, Jeffrey Towers joined Robertson and the others after being picked up by some of the group who had gone to Boise for supplies. Later that same night, Robertson, Towers and three other men made their way into the woods with the idea of breaking into other nearby cabins. Several of the men, including Robertson, carried guns. As the group travelled through the woods, one of the men produced a dog collar and instructed Towers to put it on, which he did. Towers' hands were then bound behind his back. After beating and humiliating Towers, he was eventually thrown into a creek. When Towers indicated that he was cold, Robertson ordered the other men to take him out of the water. As the men discussed what to do with Towers, Robertson placed his handgun against Towers' head and fired. The other men then also took turns firing at Towers. The group left Towers' body, returned to the cabin and went to sleep. The following day, they returned to the scene where they then burned Towers' body and buried him in a shallow grave.

Robertson was eventually arrested and charged with first degree murder. Robertson pled guilty to second degree murder. After completion of a presentence investigation report, Robertson was sentenced to an indeterminate life sentence, with a minimum period of confinement of twenty-five years. Robertson filed a timely motion under I.C.R. 35 to modify his sentence, which the district court denied. Robertson now appeals his sentence to this Court, claiming that it is excessive and constitutes cruel and unusual punishment. Robertson also appeals the denial of his Rule 35 motion.

## II.

### ANALYSIS

#### A. Cruel and Unusual Punishment

Robertson contends that the district court imposed a sentence which constitutes cruel and unusual punishment. The Idaho Supreme Court, in *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992), recognized the proportionality test under the Eighth Amendment, as dictated by *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and modified by *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Hence, it is the modified test as stated in *Brown* that is the current legal standard for review of a claim of cruel and unusual punishment in Idaho. The Idaho Supreme Court held that except in death penalty cases, before assessing the proportionality of a sentence under the Eighth

Amendment, the reviewing court must first "make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality." *State v. Matteson*, 123 Idaho 622, 626, 851 P.2d 336, 340 (1993), *quoting Brown*, 121 Idaho at 394, 825 P.2d at 491.

We limit our proportionality analysis to death penalty cases and, under the Idaho Constitution ... to those cases which are "out of proportion to the gravity of the offense committed" in the cruel and unusual punishment setting similar to the "grossly disproportionate" analysis of the eighth amendment urged by Justices Kennedy, O'Connor, and Souter in *Harmelin*. *Brown*, 121 Idaho at 394, 825 P.2d at 491.

Thus, the first step in the case before us is to determine if twenty-five years is out of proportion to the gravity of the crime—the senseless murder of an acquaintance of the offender. If this Court finds that the sentence is out of proportion with the offense, the comparison with sentences from this and other jurisdictions is appropriate.

Upon review of the entire record presented, we conclude that the sentence imposed under the facts of this case is not grossly disproportionate to the crime committed. Hence, comparing Robertson's sentence to that of offenders in this state or other jurisdictions is unnecessary.

## B. Abuse of Discretion

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution

applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). We treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989).

■ We have conducted a review of the record, including the materials submitted in support of Robertson and the information detailing the crime at issue. We conclude that the district court did not abuse its discretion and that the sentence imposed is reasonable. Because of the particularly heinous nature of the crime, we cannot say that a term of twenty-five years is excessive under the circumstances.

## C. Rule 35 Motion

■ A motion to reduce an otherwise lawful sentence under I.C.R. 35 is addressed to the sound discretion of the trial court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for reduction under Rule 35 will not be disturbed on appeal absent a showing that the court abused its sentencing discretion. The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was unreasonable. *Lopez*, 106 Idaho at 450, 680 P.2d at 872. We have already set forth the criteria for examining the original sentence above.

■ If the sentence is not excessive when pronounced, the defendant must show that it is excessive in view of new or additional information presented with the motion for reduction. If the defendant fails to make this showing, we cannot say that denial of the

motion by the district court represents an abuse of discretion. *State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991).

 In this case, Robertson did not provide any new or additional information in support of the Rule 35 motion other than that which had been submitted at sentencing. Because we have already determined that the sentence was not excessive when originally pronounced, and because nothing new or additional was provided in connection with the Rule 35 motion, we cannot say that the district court abused its discretion in denying Robertson's request for a modification of the sentence.

## III.

## CONCLUSION

The district court did not abuse its discretion in imposing an indeterminate term of life, with twenty-five years fixed. The sentence was not so grossly disproportionate to the crime as to amount to cruel and unusual punishment. The district court also did not abuse its discretion in denying Robertson's Rule 35 motion for a modification of the sentence. The judgment of conviction and sentence and the denial of the Rule 35 motion are therefore affirmed.

WALTERS, C.J., and LANSING, J., concur.