13 P.3d 1

STATE of Idaho, Plaintiff–Respondent,

v.

Sai B. CHAREUNSOUK, Defendant–Appellant.

No. 25680.

Court of Appeals of Idaho.

Sept. 13, 2000.

Review Denied Nov. 15, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Sai B. Chareunsouk pled guilty to possession of a controlled substance with intent to deliver, I.C. § 37–2732(a)(1)(A), after being

found in possession of 10.7 grams of methamphetamine. The district court imposed a unified sentence of twenty years, with five years fixed. Chareunsouk appeals his sentence. We affirm.

## I.

### FACTS AND PROCEDURE

Police executed a search warrant at twenty-year-old Chareunsouk's residence following the arrest of a person to whom Chareunsouk had sold methamphetamine. In the bathroom where Chareunsouk, a resident alien from Thailand, was hiding, police found a set of scales covered in powdery residue and a film canister containing a small amount of methamphetamine. A further search directed by Chareunsouk resulted in the discovery of 10.7 grams of methamphetamine, drug paraphernalia, a police scanner and three firearms. After being arrested and transported to the Jerome County jail, a glass vial containing a small amount of methamphetamine was recovered from the back seat of the patrol car in which Chareunsouk was transported.

During custodial interrogation, Chareunsouk admitted to selling methamphetamine to four persons the evening before his arrest and that he earns about $600 a week selling methamphetamine. Chareunsouk said that he used the money to help support the fifteen-year-old mother of his infant child, both of whom were present at the time of his arrest. Chareunsouk was charged with possession of a controlled substance (methamphetamine) with intent to deliver; possession of a controlled substance (methamphetamine) with intent to deliver, where children are present; delivery of a controlled substance (methamphetamine); and delivery of a controlled substance (methamphetamine), where children are present. Pursuant to a plea agreement, Chareunsouk entered a guilty plea to possession of a controlled substance with intent to deliver in exchange for the state's recommendation of a five-year sentence with three years fixed, but with a retained jurisdiction. I.C. § 19–2601(4). The remaining charges were dismissed.

At sentencing, counsel for Chareunsouk reviewed corrections to the presentence investigation report (PSI) and argued for a term of probation with outpatient chemical dependency treatment, noting Chareunsouk's employability, drug problem, family support, and his health problem caused by a heart condition. The prosecutor argued for a unified five-year sentence with three years fixed, with retained jurisdiction, noting Chareunsouk's youth and his involvement with drugs and alcohol.

Upon questioning by the court, Chareunsouk indicated that he was not employed and that he had sold drugs to one person, one time to support his family. Chareunsouk admitted he had been on juvenile probation in the past and performed unsuccessfully. The district court then reviewed the presentence investigator's recommendation of imprisonment and discussed the likelihood that if placed on probation Chareunsouk would be deported. Thereafter the district court pronounced sentence as follows:

This court has several things to consider in determining a sentence. First of all, whether retribution is an appropriate factor. I don't consider retribution to be a factor in this case.

As far as rehabilitation is concerned, there's a lot of argument been made that you should be given another chance, that the other record is on juvenile matters. Considering your age, I always think most of your record is going to be juvenile matters, but they're very serious juvenile matters. They involve burglary and they involve drug related crimes, and you're back before this court as an adult not too long after becoming an adult on a very serious drug related matter that carries a life sentence.

And the problem with rehabilitation is that rehabilitation assumes a situation where the defendant is capable of being rehabilitated; that is it can be a successful term of probation. Your record, Mr. Chareunsouk, indicates to this court that – and you've already acknowledged you have not been able to successfully complete any prior probation term and that causes this court a great deal of concern about your

ability to complete a probation with this court. And I deem it highly unlikely that you could successfully complete probation even at the felony level.

. . .

I also believe it's necessary for the – for this court to not only deter you, but to in some effect try to deter other people from proceeding down the same lines that you have proceeded in this case.

. . .

It seems to me that in this kind of case it's incumbent upon the courts to make sure that those defendants that come before me understand that it's not going to be lightly viewed – that is, your record and the crime that you've committed is not going to be lightly viewed by this court. At some point in time a line has to be drawn in saying that there's no point in going forward with you and there's no point in allowing people to think that they can involve – be involved in drug activity and not avoid the consequences contemplated by the statutes in the case.

Therefore, that's an explanation of where I'm going in this case, and I'll enter the sentence and why I'm entering the sentence that I have planned on entering. The court does not believe you're a good candidate for probation. I've already said that you've not successfully completed one. And I'll do deference to the state's recommendation and the defense urging to do otherwise. I do not believe it's worthwhile to proceed on a retained jurisdiction basis.

. . .

You are ordered to pay court costs in the amount of $88.50. You are committed to the custody of the Idaho Department Board of Corrections for a unified sentence of 20 years, which is comprised of a minimum fixed period of confinement of five years, followed by an indeterminate period of custody of 15 years. Those 15 years to be determined by the Board of Correction.

Four days after entry of judgment, Chareunsouk filed an I.C.R. 35 motion for reduction of sentence, arguing that his sentence was unduly harsh. The court held a hearing at which Chareunsouk presented testimony about potential employment. Counsel for Chareunsouk argued that the sentence imposed differed significantly from the state's recommendation and requested a reduction of the sentence in line with that imposed on Chareunsouk in Twin Falls County for child custody interference—four years with two years fixed, with retained jurisdiction. Chareunsouk requested a reduction to a five-year sentence with three years fixed, with retained jurisdiction. The district court denied Chareunsouk's motion for reduction of sentence, restating the reasons expressed at the sentencing hearing. Chareunsouk appeals.

## II.

## DISCUSSION

Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992).

'[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.'

*Broadhead,* 120 Idaho at 145, 814 P.2d at 405, *quoting State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

Where an appellant asserts that the sentencing court imposed an excessively

harsh sentence, we conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez*, 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). With respect to sentences imposed under the Uniform Sentencing Act,

> the minimum period [of confinement] generally will be treated as the probable measure of confinement for the purpose of sentence review. By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

*State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989).

Chareunsouk's minimum period of confinement is five years, followed by an additional fifteen-year indeterminate term, for an aggregate sentence of twenty years. Chareunsouk's offense—possession of methamphetamine with intent to deliver—carries a maximum possible sentence of up to life imprisonment and no minimum penalty. I.C. § 37–2732(a)(1)(A).

■ Chareunsouk is an admitted youthful drug dealer using his earnings from the sale of methamphetamine to support his fifteen-year-old girlfriend, the mother of his infant child. Both the fifteen-year-old and the infant were in Chareunsouk's residence at the time the officers executed the search warrant and found drugs. Chareunsouk's record reflects a series of juvenile offenses including two burglaries, unlawful discharge of a weapon and possession of controlled substances. At the time of Chareunsouk's plea to the instant offense, he had also pled guilty to felony child custody interference in Twin Falls County.

At sentencing, Chareunsouk was asked about his drug sales, as reflected in the police reports attached to the PSI. Chareunsouk explained that he had sold drugs to one person one time. Chareunsouk's one time drug sale testimony contradicted unchallenged information in the PSI indicating that

Chareunsouk earned $600 per week in sales of methamphetamine. Such drug sales indicate a troubling drug dealing history which the district court was entitled to consider in fashioning a sentence appropriate to the facts and circumstances of the crime and the character of the offender.

While the sentence of twenty years with five years fixed is, indeed, quite harsh—in our experience of reviewing sentences from across the state, this is one of the longest sentences imposed on a first-time youthful drug offender—we cannot say that the sentence is so harsh as to be unreasonable under any view of the facts. In reviewing Chareunsouk's sentence, the question before us is not whether that sentence is the one this Court would have chosen. Accordingly, we are constrained to conclude that the district court did not abuse its discretion in sentencing Chareunsouk.

■ Chareunsouk also appeals the denial of his motion for reduction of sentence. A motion to reduce an otherwise lawful sentence under I.C.R. 35 is addressed to the sound discretion of the trial court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for reduction under Rule 35 will not be disturbed on appeal absent a showing that the court abused its sentencing discretion. *State v. Robertson*, 130 Idaho 287, 289, 939 P.2d 863, 865 (Ct.App.1997). The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was unreasonable. *Lopez*, 106 Idaho at 450, 680 P.2d at 872. We have previously set forth the criteria for examining the original sentence above. Chareunsouk's original sentence was not excessive when it was imposed and, therefore, Chareunsouk was required to present new or additional information in support of his plea for leniency. Chareunsouk's plea for leniency was based upon testimony that he would be employed if placed on probation and that the sentence imposed was

greater than that recommended by the state. As set forth above, the sentence imposed in this case, while harsh, is not unduly so, and therefore not unreasonable. Accordingly, the district court did not abuse its discretion in denying Chareunsouk's motion for reduction of sentence.

## III.

## CONCLUSION

The judgment of conviction and sentence of twenty years, with five years fixed, is affirmed. The denial of Chareunsouk's motion for reduction of sentence is also affirmed.

Chief Judge PERRY and Judge LANSING concur.