71 P.3d 1088

**STATE of Idaho, Plaintiff–Appellant–Cross Respondent,**

v.

**Lewis Orlando JENSEN, Defendant–Respondent–Cross Appellant.**

No. 28458.

Court of Appeals of Idaho.

June 6, 2003.

**942**

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

George A. Southworth, Pocatello, for respondent.

PER CURIAM.

This is an appeal and cross-appeal from an intermediate appellate decision of the district court. The state claims error in the district court's conclusion that Lewis Orlando Jensen could not receive separate consecutive sentences for battery and resisting and obstructing officers. Jensen claims error in the district court's conclusion that the magistrate's imposition of consecutive maximum punishments for three misdemeanor offenses was not excessive.

## I.

### BACKGROUND

Jensen was charged with battery upon a police officer, I.C. §§ 18–903, –915, resisting and obstructing officers, I.C. § 18–705, and malicious injury to property, I.C. § 18–7001. All three of these offenses are misdemeanors. The evidence presented at trial indicated that in the early morning hours of November 24, 1999, Jensen had been involved in an argument with his wife, Hailey, when Hailey dialed 911 and then hung up. This prompted David Preston, a sheriff's deputy, to travel to the residence pursuant to department policy. When Preston arrived, Jensen stepped out of the residence and told Preston to get off his property. Preston told Jensen that because he was at the residence for a 911 hang-up call, he needed to check the residence. Jensen again told Preston to leave.

Preston then approached the door of the residence, telling Jensen that he needed to check the residence, when Jensen slapped Preston's left hand, knocking Preston's flashlight out of his hand. Preston told Jensen that he was under arrest for battery, to which Jensen replied, "Battery, mother fucker, I will show you battery," and assumed a boxing-style stance, with his fists up. Preston then drew his pepper spray and, after Jensen shoved him on the shoulder, requested his dispatcher to send a back-up officer and then sprayed pepper spray into Jensen's face.

When Preston sprayed Jensen with pepper spray, Jensen fell into his residence, yelling at his wife Hailey for causing him to go to jail. Preston then entered the residence, again telling Jensen that he was under arrest. Jensen instead moved toward Preston, and Preston struck Jensen in the leg with his baton. Preston then followed Jensen through the residence, and a struggle ensued. Preston was not able to handcuff both of Jensen's hands until Frank Csjako, another police officer, arrived.

Preston and Csjako then carried Jensen out of the residence, while Jensen resisted, kicking and jerking back and forth, and expressing profanities toward the officers. Preston and Csjako then placed Jensen in the back seat of Csjako's patrol vehicle, at which point Jensen spit in Preston's face. While Preston and Csjako were speaking to Hailey, Jensen kicked out the rear window of Csjako's patrol vehicle. Preston and Csjako then placed leg restraints on Jensen's legs, and Csjako transported Jensen to the sheriff's office. While Csjako was transporting Jensen to the sheriff's office, Jensen told Csjako, "I know where your children live." At the sheriff's office, Preston, Csjako, and two or three other officers overcame Jensen's resistance and moved him into jail. During this struggle, Jensen spit in Csjako's face.

The subsequently filed charges against Jensen for battery on a police officer and resisting and obstructing an officer were predicated solely on Jensen's behavior in confronting Officer Preston at the residence; no charge was based upon his behavior in

transport to the jail or while at the jail. The jury found Jensen guilty of all charges. For battery upon a police officer, the magistrate sentenced Jensen to one year in jail, which was suspended in its entirety. For resisting and obstructing an officer, the magistrate imposed a sentence of one year in jail, with all but seventy-five days suspended. For malicious injury to property, the sentence was six months in jail, which was suspended in its entirety. The sentences were to be served consecutively. The magistrate also imposed a probationary period of two years.

The magistrate thereafter revoked probation, and imposed the balance of Jensen's suspended sentences. Jensen then filed an I.C.R. 35 motion for more lenient sentences. The motion did not assert that the sentences imposed were illegal. The magistrate denied Jensen's Rule 35 motion, noting that Jensen "exhibits an antisocial personality marked by demonstrated disdain for his fellow human creature," was "not subject to rehabilitation," and was "undeterred by punishment, proclaiming that incarceration will only increase his anger, and proclaiming that the court cannot 'teach him a lesson.'" Thus, the magistrate concluded that "[t]he paramount objective of society is best served by separating the defendant for as long as possible, by incarceration."

Jensen appealed to the district court, which addressed three issues raised by Jensen: whether the magistrate abused its discretion in sentencing Jensen, whether the consecutive sentences imposed constituted cruel and unusual punishment, and whether the judgments of conviction for battery upon a police officer and resisting and obstructing officers violated protections against double jeopardy. The district court held that the sentences were not excessive nor cruel and unusual. However, the district court concluded, apparently based upon I.C. § 18–301 (repealed 1995), that Jensen could not be sentenced for both battery upon a police officer and resisting and obstructing officers. The district court remanded the case back to the magistrate for resentencing. The state appeals from the district court's decision, contending that the district court erred in applying a statute that was no longer effec-

tive. Jensen cross-appeals, asserting that his punishment for both battery on a police officer and resisting and obstructing an officer violates constitutional jeopardy protections and that the imposition of consecutive sentences was excessive and constituted cruel and unusual punishment.

## II.

## DISCUSSION

When reviewing a decision of the district court in its appellate capacity, this Court gives attention to the district court's analysis, but focuses on the proceedings before the magistrate. *State v. Evans,* 134 Idaho 560, 562, 6 P.3d 416, 418 (Ct.App.2000); *State v. Thurman,* 134 Idaho 90, 93, 996 P.2d 309, 312 (Ct.App.1999). Whether Jensen's prosecution ran afoul of protections against double jeopardy is a question of law subject to free review. *State v. Bush,* 131 Idaho 22, 33, 951 P.2d 1249, 1260 (1997); *State v. Santana,* 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct.App.2000).

**A. Timeliness of Jensen's Appeal to Challenge His Consecutive Sentences for Battery and Resisting an Officer as Violative of Statutory or Constitutional Protections Against Double Punishment**

■ The state's appeal challenges the district court's appellate holding that Jensen's convictions for battery on a police officer and resisting and obstructing a police officer constituted double punishment for the same acts and therefore violated former I.C. § 18–301. This statute was repealed in 1995, prior to the commission of Jensen's crimes and therefore has no application. Jensen does not dispute this, but instead argues that the sentences run afoul of the Double Jeopardy Clauses of the state and federal constitutions.

■ We conclude that this challenge to Jensen's sentences was not properly presented to the district court or to this Court because it was not raised by a timely appeal from Jensen's judgment of conviction, and the issue cannot properly be presented through an appeal from an order revoking probation. Appeals from any judgment, order, or decree must be made within forty-two

days of the date evidenced by the filing stamp of the clerk of the court. Idaho Appellate Rule 14(a). This time requirement is jurisdictional, and an appeal taken after expiration of the filing period must be dismissed. *State v. Sapp,* 124 Idaho 17, 19, 855 P.2d 478, 480 (Ct.App.1993); *State v. Swan,* 113 Idaho 859, 861, 748 P.2d 1389, 1391 (Ct.App.1988); *State v. Tucker,* 103 Idaho 885, 888, 655 P.2d 92, 95 (Ct.App.1982).

■ In this case, the judgment of conviction was entered on April 25, 2000, and the magistrate revoked Jensen's probation on June 29, 2001. Jensen filed his notice of appeal on July 17, 2001, which was timely from the order revoking probation but not from the judgment of conviction. If Jensen's sentences violate double jeopardy protections, this violation occurred upon entry of his judgment of conviction and sentences, and the appeal could have been taken at that time. A probationary period does not extend the time in which a defendant may appeal from the judgment of conviction and sentence. *State v. Fox,* 122 Idaho 550, 551, 835 P.2d 1361, 1362 (Ct.App.1992); *Tucker,* 103 Idaho at 888, 655 P.2d at 95

■ The present circumstance must be distinguished from one in which only the *length* of a sentence is challenged on appeal from an order revoking probation. The Idaho appellate courts have jurisdiction, on appeal from an order revoking probation, to entertain a claim that a sentence is excessive. This is so because, by terms of Idaho Criminal Rule 35, whenever a trial court revokes probation it has authority to sua sponte reduce the sentence that was originally pronounced. It is consequently permissible for appellants to present as an issue whether the trial court abused its discretion in failing to reduce a sentence upon the revocation of

probation. That type of appeal is a challenge to a *new* decision (explicit or implicit) made by the district court upon revocation of probation. Accordingly, we have made it clear in such appeals that an appellate court will not consider whether the sentence was excessive *when originally pronounced* in the judgment of conviction and that our review is limited to whether the sentence was excessive in light of the circumstances existing when the court revoked probation. *State v. Coffin,* 122 Idaho 392, 393–94, 834 P.2d 909, 910–11 (Ct.App.1992); *State v. Paramore,* 119 Idaho 235, 236, 804 P.2d 1366, 1367 (Ct. App.1991); *State v. Dryden,* 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct.App.1983); *Tucker,* 103 Idaho at 888, 655 P.2d at 95.[1]

In contrast to a claim that a trial court abused its discretion on revoking probation by ordering an excessive sentence into execution, Jensen's claim that his sentences violate constitutional double jeopardy prohibitions does not implicate a new decision or exercise of discretion by the trial court upon revocation of probation; it is a challenge to the original imposition of sentence and judgment. Therefore, Jensen's notice of appeal, filed after the order revoking probation, was not timely to raise a double jeopardy challenge to his sentences. It follows that the district court lacked appellate jurisdiction to consider Jensen's double jeopardy claim and this Court, likewise, is without jurisdiction due to the untimely filing of the notice of appeal from the magistrate division. *See Palmer v. Wellard,* 97 Idaho 197, 198, 541 P.2d 621, 622 (1975).[2]

The district court's appellate decision that Jensen could not be sentenced for both battery upon an officer and resisting an officer is therefore reversed.

1. When reviewing the reasonableness of a sentence on an appeal from a probation revocation order, we do not base our review only upon events that occurred after the original pronouncement of sentence. Rather, we examine the entire record encompassing events before and after the original judgment, including but not limited to events that occurred during the probationary period. *State v. Chavez,* 134 Idaho 308, 314, 1 P.3d 809, 815 (Ct.App.2000); *Coffin,* 122 Idaho at 394, 834 P.2d at 911; *State v.*

*Adams,* 115 Idaho 1053, 1055, 772 P.2d 260, 262 (Ct.App.1989).

2. Jensen is not without a remedy if a double jeopardy violation can be shown. He may yet present this issue to the magistrate court by a motion under I.C.R. 35 to correct an illegal sentence or by an application for post-conviction relief. *See State v. Storey,* 109 Idaho 993, 997, 712 P.2d 694, 698 (Ct.App.1985); *State v. Galaviz,* 104 Idaho 328, 658 P.2d 999 (Ct.App.1983).

## B. Whether the Aggregate Sentence Imposed Was Excessive

Jensen argues that the magistrate abused its discretion by not reducing Jensen's sentences when the magistrate initially revoked probation. He argues that the consecutive maximum sentences for three misdemeanors, resulting in an aggregate sentence of two years and six months in jail, are excessive. The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender, and punishment or retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). We will find that the trial court abused its discretion in sentencing only if the defendant, in light of the objectives of sentencing, shows that his sentence was excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

During the incident giving rise to the present conviction, Jensen slapped Deputy Preston, knocking a flashlight out of Preston's hand, struggled against Preston and Csjako, during which struggle Jensen spit in Preston's face, and continued to struggle at the sheriff's office while being transported into jail, again spitting in Csjako's face. Jensen also kicked the window out of Csjako's patrol car while being detained there.

Jensen had an extensive criminal record. In 1993, at age eighteen, Jensen committed a burglary. In 1994, Jensen repeatedly drove without a driver's license, resulting in a felony conviction for driving without privileges. He was thereafter arrested for driving under the influence, possession of marijuana, damaging jail property, and drinking in a motor vehicle. During the pendency of another case Jensen was arrested for trespassing for refusing to leave the courtroom until the judge spoke with him off the record. In 1998 Jensen was arrested for resisting, obstructing, and delaying the police, during which incident he directed racial epithets toward a Hispanic police officer. Given this history of disrespect for the law, we conclude that the magistrate's decision to protect society from Jensen for two years and six months was not excessive under any reasonable view of the facts.

Jensen also argues that the sentences imposed constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, § 6 of the Idaho Constitution. Before addressing this issue, we must consider the state's assertion that this claim of an Eighth Amendment violation may not be considered on appeal because it was not presented to the trial court.

A claim that a sentence is illegal ordinarily must be raised in the trial court or it will not be entertained on appeal, *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992); *State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991); *State v. Hoffman,* 137 Idaho 897, 55 P.3d 890 (Ct.App.2002); *State v. Boss,* 122 Idaho 747, 838 P.2d 876 (Ct.App.1992), and Eighth Amendment challenges to conditions of confinement, such as claims of inadequate medical care, will not be considered on appeal if they were not presented to the trial court. *State v. Drennen,* 122 Idaho 1019, 1022–23, 842 P.2d 698, 701–02 (Ct.App.1992); *State v. Roseman,* 122 Idaho 934, 935–36, 841 P.2d 1085, 1086–87 (Ct.App.1992). Nevertheless, this Court has customarily and routinely considered claims that sentences violate the Eighth Amendment *because of excessive length* where that constitutional challenge was not presented to the trial court. *See, e.g., State v. Shanahan,* 133 Idaho 896, 899, 994 P.2d 1059, 1062 (Ct.App.2000); *State v. Thomas,* 133 Idaho 682, 688, 991 P.2d 870, 876 (Ct.App.1999); *State v. Rogerson,* 132 Idaho 53, 57, 966 P.2d 53, 57 (Ct.App.1998). Such Eighth Amendment arguments are so similar to and interrelated with claims of excessiveness under state law reasonableness standards that we perceive no reason to treat the two types of arguments differently with respect to any requirement for raising the issue below. Were we to refuse to consider this variety of Eighth Amendment challenge

because it was not preserved below, more litigation would be spurred in the trial courts as defendants sought to raise the issue through a Rule 35 motion or an application for post-conviction relief. In our judgment, the similarity of the Eighth Amendment and state law challenges to the length of sentences, and the interest of judicial efficiency, call for consideration of the two issues together on appeal even if the Eighth Amendment attack on the length of the sentence was not made in the trial court. Therefore, we will consider Jensen's Eighth Amendment challenge.

The burden of demonstrating that a sentence is cruel and unusual is on the person asserting the constitutional violation. *State v. Clay*, 124 Idaho 329, 332, 859 P.2d 365, 368 (Ct.App.1993). The Idaho Supreme Court, in *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992), recognized the proportionality test under the Eighth Amendment, as dictated by *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) and modified by *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Hence, it is the modified test as stated in *Brown* that is the current legal standard for review of a claim of cruel and unusual punishment in Idaho. *State v. Robertson*, 130 Idaho 287, 288, 939 P.2d 863, 864 (Ct.App.1997). As the *Brown* Court stated:

> We limit our proportionality analysis to death penalty cases and, under the Idaho Constitution . . . to those cases which are "out of proportion to the gravity of the offense committed" in the cruel and unusual punishment setting similar to the "grossly disproportionate" analysis of the [E]ighth [A]mendment urged by Justices Kennedy, O'Connor, and Souter in *Harmelin.*

*Brown,* 121 Idaho at 394, 825 P.2d at 491. Therefore, this Court must make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality. *Robertson,* 130 Idaho at 289, 939 P.2d at 865. In light of Jensen's continued resistance to the officers' efforts, as well as his intransigence, we conclude that the consecutive maximum sentences imposed are not grossly disproportionate to his crimes. Accordingly, we affirm the district court's determination that Jensen's sentences were neither excessive nor in violation of the cruel and unusual punishment prohibition.

## III.

## CONCLUSION

Because Jensen's double jeopardy challenge to his sentence was not raised by a timely appeal, the district court lacked jurisdiction to address it. Therefore, the district court's decision holding that Jensen could not be sentenced for both battery and resisting an officer is reversed. The district court's determination that the sentences imposed were neither excessive under state law standards nor cruel and unusual under constitutional standards, is affirmed.