**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39449**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 374 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 21, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD ANDREW HUBBARD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for failure to register as a sex offender; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

In 2011, Richard Andrew Hubbard pled guilty to failure to register as a sex offender. I.C. §§ 18-8311, 18-8307. At his sentencing hearing, Hubbard argued that the district court should impose a lenient sentence because he would subsequently be extradited to California, where he would serve time as a consequence of violating parole on a lewd and lascivious conduct conviction. In response to this argument, the district court discussed Hubbard's underlying lewd and lascivious conviction and explained why Hubbard's sentencing request would be inappropriate. The district court imposed a unified sentence of ten years, with a minimum period of confinement of five years. The district court entered Hubbard's judgment of conviction and commitment on October 14, 2011. Hubbard filed an I.C.R. 35 motion for reduction of sentence, requesting reconsideration of his sentence "upon the grounds and for the reason that the defendant requests leniency." The district court allowed additional time for

1

Hubbard to supplement the motion, but no additional information was provided. The district court denied the motion without a hearing. Hubbard appeals.

On appeal, Hubbard asserts that, by considering the underlying lewd and lascivious case at sentencing, the district court violated Hubbard's right to be free from double jeopardy. He also argues that his sentence is excessive.[1] A defendant is able to raise a double jeopardy challenge through a timely appeal of the judgment of conviction, through a motion to correct an illegal sentence under Rule 35, or by an application for post-conviction relief. *State v. Jensen*, 138 Idaho 941, 944 n.2, 71 P.3d 1088, 1091 n.2 (Ct. App. 2003). In this case, Hubbard has failed to pursue any of these avenues. Instead, Hubbard raises the issue on appeal from a Rule 35 motion for reduction of sentence. Hubbard argues that, because he did not properly raise the double jeopardy issue below, he should be permitted to raise it for the first time on appeal as fundamental error pursuant to *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). This argument has no merit. Generally, we do not review error not preserved for appeal through an objection at trial. *Perry* provides for review of unobjected to error *as a matter of due process* when the defendant shows that one of his unwaived constitutional rights was plainly violated. *Id.* at 224-25, 245 P.3d at 976-77; *see also State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). Here, adherence to the rule that we do not review error not preserved for appeal would result in no deprivation of due process. If, as Hubbard alleges, his sentence was illegal and the illegality is plain from the record (issues we need not address here), he may still file a motion under Rule 35 to correct an illegal sentence. This will properly allow the trial court the first opportunity to consider the claim of an illegal sentence. *State v. Lavy*, 121 Idaho 842, 845, 828 P.2d 871, 874 (1992) (Court declined to consider claim of illegal sentence raised for first time on appeal, notwithstanding the fact that the record clearly demonstrated sentence was illegal).

Hubbard also claims that the district court imposed an excessive sentence because it focused on the facts of the lewd and lascivious conduct case rather than the case pending before it. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion.

---

[1] Hubbard has abandoned another issue raised in his appellant's brief--that the district court should have red-lined portions of the presentence investigation report.

*State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Review of the sentencing hearing reveals that the comments made by the district court pertaining to the underlying lewd and lascivious conviction were primarily in response to Hubbard's main argument--that the district court should impose a lenient sentence because Hubbard would be extradited to California upon resolution of this case and expected to serve four years there. Additionally, consideration of the underlying case by the district court was plainly necessary to determine the extent of a danger Hubbard posed to society by failing to register as a sex offender and his potential for rehabilitation. The two cases are necessarily intertwined. Furthermore, the district court considered Hubbard's entire criminal history. Also before the district court was information regarding Hubbard's probation violations, his termination from sex offender treatment, his prison disciplinary record, and his absconding from parole. Having reviewed the record, the district court did not abuse its discretion in the sentence imposed in this case.

As to the denial of Hubbard's Rule 35 motion, we note that no new information was provided to the district court in support of the motion. In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the

3

reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

Applying the foregoing standards, we conclude no abuse of discretion has been shown. Therefore, Hubbard's judgment of conviction and sentence and the district court's denial of Hubbard's Rule 35 motion are affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**