**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44433**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 67 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 19, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| MARJORIE BALLS KRAMBULE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Franklin County. Hon. Mitchell W. Brown, District Judge.

The appeal is <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Marjorie Balls Krambule appeals from the district court's order revoking her withheld judgment and continuing probation. She asserts the district court erred by allowing her to enter a guilty plea and be sentenced in a pro se capacity without first obtaining a valid waiver of her right to counsel.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Krambule was charged with felony possession of a controlled substance (methamphetamine), Idaho Code § 37-2732(c)(1). The district court appointed a public defender to represent her. Krambule entered into a plea agreement with the State in which she agreed to enter an *Alford*[1] plea of guilty to an amended charge of accessory to possession of

---
[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

methamphetamine, I.C. § 37-2732(c)(1), and in return the State would recommend a withheld judgment and probation. The district court accepted her plea and scheduled the case for sentencing.

Krambule filed a motion to withdraw her guilty plea prior to sentencing. At the hearing on the motion, her court-appointed counsel made a motion to withdraw as counsel based on Krambule's desire to retain private counsel. The district court granted both motions. Thereafter, Krambule's private counsel filed a notice of appearance.

Prior to commencement of the continued jury trial, her private counsel also filed a motion to withdraw as counsel due to Krambule's request to terminate the representation. A hearing on this motion was held in January 2015. After consulting with Krambule, her counsel told the court that Krambule wanted to try to reach an agreement with the prosecutor and, if she were unsuccessful, then she wanted to retain new private counsel. The prosecutor indicated that he would speak with Krambule directly if the court granted her counsel's motion to withdraw. The court granted the motion and Krambule met with the prosecutor and shortly thereafter he informed the court that a plea agreement had been reached. The plea agreement was similar to the one previously reached where Krambule would enter an *Alford* plea to an amended charge of accessory to possession of methamphetamine, the State would recommend a withheld judgment and probation, and also included an agreement by the State to dismiss a related misdemeanor drug paraphernalia charge. On January 22, 2015, the court accepted the plea, entered a withheld judgment, and placed Krambule on probation for three years.

In March 2016, the State filed a report of a probation violation alleging Krambule had violated her probation by testing positive for methamphetamine. Krambule appeared at a hearing without counsel, indicated she would like to be represented by counsel, and the court appointed a public defender. After an evidentiary hearing, the court entered an order on August 1, 2016, finding Krambule had violated the terms of her probation, revoked her withheld judgment, and imposed a sentence of four years with two years determinate. Krambule timely appeals from the order revoking her withheld judgment.

## II.

## ANALYSIS

Krambule asserts the withheld judgment entered in January 2015 was void because the district court allowed her to enter a guilty plea and be sentenced in a pro se capacity without first

2

obtaining a valid waiver of her right to counsel. On appeal, Krambule asserts this Court should vacate the August 2016 order because the district court could not revoke a withheld judgment that was void. Alternatively, Krambule argues that her conviction for possession should be vacated because her plea and sentence were without representation by counsel constituting a structural defect. Conversely, the State contends that this Court lacks jurisdiction to consider the merits of the arguments raised by Krambule because the notice of appeal is timely only from the order revoking probation, and therefore the issues on appeal are restricted to that order.

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action.

A probationary period does not extend the time in which a defendant may appeal from the judgment of conviction and sentence. *State v. Jensen*, 138 Idaho 941, 944, 71 P.3d 1088, 1091 (Ct. App. 2003). In *Jensen*, after his probation was revoked, Jensen asserted that the court's imposition of consecutive punishments for battery and resisting and obstructing officers violated the Double Jeopardy Clauses of the state and federal constitutions. *Id*. at 943, 71 P.3d at 1090. This Court concluded that such a challenge was not properly presented to the district court or to this Court because it was not raised by a timely appeal from Jensen's judgment of conviction, and the issue cannot properly be presented through an appeal from an order revoking probation. *Id*.

Similarly in *State v. Dryden*, 105 Idaho 848, 852, 673 P.2d 809, 813 (Ct. App. 1983), the appellant argued that his sentences were unduly harsh after his probation was revoked. *Id*. A district court may reduce a sentence upon revocation of probation, but it is not required to do so under Idaho Criminal Rule 35. *Dryden*, 105 Idaho at 853, 673 P.3d at 814. This Court noted that no appeal was taken within the required forty-two days from the judgment of conviction, and the appellant was instead appealing from the order revoking his probation. *Id*. at 852, 673 P.3d at 813. As such, the Court held that the issues on appeal are confined to that order. Therefore,

3

this Court was limited to a determination of whether the sentences were unduly harsh under the circumstances existing when they were executed upon revocation of probation, which it concluded they were not. *Id.*

Krambule contends this Court has jurisdiction and may address the validity of the underlying conviction and turns to *State v. Farfan-Galvan*, 161 Idaho 610, 389 P.3d 155 (2016), and *Burgett v. Texas*, 389 U.S. 109 (1967), and language therein suggesting that a judgment rendered after a denial or invalid waiver of counsel is void. She argues that a void judgment may be challenged at any time. In essence, Krambule asserts that while "typically" this Court does not have jurisdiction to rule upon the underlying judgment from which no timely appeal was taken, in circumstances, as in this case, where the asserted error is an invalid waiver of counsel, the Court does have jurisdiction to review the underlying conviction when the appeal is timely from the revocation of probation. *Farfan-Galvan* and *Burgett* do not extend or modify jurisdiction of courts based on a judgment being allegedly void due to a denial or invalid waiver of counsel; they provide a defendant in a collateral proceeding a means to challenge a prior conviction that is used to enhance a penalty in the subsequent case. This is not a collateral proceeding. Moreover, while *Farfan-Galvan* and *Burgett* allowed a collateral challenge to a prior constitutionally infirm judgment as void, the successful challenge to the prior conviction does not affect the underlying conviction. They do not stand for the principle that a constitutionally infirm judgment, whether based upon a denial of counsel or otherwise, is subject to direct attack at any time on the ground that the judgment is void.

Krambule's arguments on appeal relate to the court's withheld judgment entered on January 22, 2015. She asserts various constitutional violations regarding the court's alleged failure to first obtain a valid waiver of her right to counsel prior to her pro se guilty plea. The order revoking her withheld judgment was entered on August 1, 2016. Krambule's notice of appeal was filed on August 10, 2016. While Krambule asserts that *Jensen* and *Dryden* are distinguishable because she is not challenging whether the underlying sentence is reasonable or whether there is a constitutional defect in the underlying sentence, the applicable rule of law is that when a notice of appeal is timely only from an order revoking probation, then the issues on appeal are restricted to that order. Krambule had the opportunity to challenge the constitutionality of her guilty plea upon which the withheld judgment was based; however, she was required to do this by March 5, 2015, forty-two days from the order withholding judgment.

4

Therefore, it follows that her arguments regarding the January 22, 2015, withheld judgment based on alleged constitutional violations in her pro se guilty plea are untimely. This appeal is not timely to challenge Krambule's underlying conviction regardless of whether she asserts the conviction was void, is challengeable as fundamental error, or as structural error. Appellate court jurisdiction is not expanded by these claims when the appeal is not timely from the conviction challenged. Because this Court lacks jurisdiction to address Krambule's claims regarding the withheld judgment, this appeal must be dismissed.

## III.

## CONCLUSION

Because this Court lacks jurisdiction to consider the merits of the arguments raised by Krambule, the appeal is dismissed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

5