IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40419

| STATE OF IDAHO, | ) | 2014 Opinion No. 44 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALLEN KEITH CLONTZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order relinquishing jurisdiction and requiring execution of unified six-year sentence with three-year determinate term for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Allen Keith Clontz was convicted of felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(6), 18-8008. The district court imposed a unified sentence of six years with three years determinate, suspended the sentence and placed Clontz on probation. About three months later, the State filed a motion to revoke Clontz's probation due to probation violations. Prior to disposition of that motion, Clontz filed an Idaho Criminal Rule 35 motion for reduction of his sentence. The district court denied the Rule 35 motion. Clontz filed a timely notice of appeal from that order, but does not challenge the denial of the Rule 35 motion in his briefing on appeal. Several months after denying Clontz's Rule 35 motion, the district court revoked his probation and ordered execution of the underlying sentence, but retained jurisdiction. At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and

1

ordered execution of Clontz's sentence. On appeal, Clontz contends that the court abused its discretion in failing to sua sponte reduce his sentence upon relinquishing jurisdiction.

The issue with which we struggle today is whether, in light of recent Idaho Supreme Court precedent, a criminal defendant may continue to claim on appeal that the district court erred by failing to sua sponte reduce the defendant's sentence upon relinquishment of jurisdiction or revocation of probation. Although, generally, issues not raised below may not be considered for the first time on appeal, *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992), we have, in the past, allowed defendants to challenge a court's failure to sua sponte reduce a sentence upon relinquishment of jurisdiction and upon revocation of probation. *State v. Schultz*, 149 Idaho 285, 288-89, 233 P.3d 732, 735-36 (Ct. App. 2010); *see also State v. Jensen*, 138 Idaho 941, 944, 71 P.3d 1088, 1091 (Ct. App. 2003).[1]

In recent years, the Idaho Supreme Court has held that all unobjected-to claims of error must satisfy the fundamental error standard in order to be entertained on appeal. *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). The three-part standard in *Perry* places the burden on the defendant to demonstrate that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978. The Supreme Court has held "that the *Perry* standard applies to all claims of error relating to proceedings in criminal cases in the trial courts." *State v. Carter*, 155 Idaho 170, 174, 307 P.3d 187, 191 (2013).

In *Carter*, the defendant contended "that the district court committed error when it failed to *sua sponte* order a psychological evaluation pursuant to Idaho Code § 19-2522." *Id.* at 176, 307 P.3d at 189. Carter had not requested a psychological evaluation nor objected to the lack of one at sentencing. Idaho Code § 19-2522 requires that if there is reason to believe the mental health of the defendant will be a significant factor at sentencing, the court "shall" appoint a psychiatrist or licensed psychologist to conduct an examination and prepare a report. From this, Carter argued that the district court had an affirmative duty to order such evaluation, and the

---

[1] The trial court has authority, pursuant to Idaho Criminal Rule 35, to reduce a sentence within 120 days of relinquishment of jurisdiction or within 14 days of revocation of probation. We have generally referred to the trial court's Rule 35 authority in allowing appeals from the failure of the court to sua sponte reduce the sentence.

Supreme Court was thereby permitted to review the claim of error, even without an objection below. The Supreme Court rejected the notion that the district court had an affirmative duty stating that "[i]t is axiomatic that a trial court has a duty to follow all of Idaho's laws and rules. However, it does not follow that this duty relieves a party of its obligation to preserve its claims of error by making an appropriate objection at the time of the error." *Carter*, at 174, 307 P.3d at 191. Therefore, even in a situation in which the requirement is mandatory, the defendant cannot appeal, absent a showing of fundamental error, the failure of the district court to act sua sponte. Thus, the question is raised whether the defendant may continue to claim on appeal error by the district court in failing to reduce the defendant's sentence sua sponte.

We turn first to potential justifications for continuing to allow such claims even in light of *Perry* and *Carter*. Perhaps one could argue reliance on the rule of stare decisis. "[T]he rule of stare decisis dictates that we follow [controlling precedent] unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *State v. Humpherys*, 134 Idaho 657, 660, 8 P.3d 652, 655 (2000) (quoting *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990)). As noted, we have precedent allowing a claim of error on appeal based upon the district court's failure to sua sponte reduce a sentence upon relinquishment of jurisdiction or revocation of probation. *See State v. Rothwell*, 154 Idaho 125, 138, 294 P.3d 1137, 1150 (Ct. App. 2013) (relinquishment); *State v. Chacon*, 146 Idaho 520, 524, 198 P.3d 749, 753 (Ct. App. 2008) (revocation). On the other hand, the Supreme Court has stated that we are required to "follow decisions of [the Supreme Court] when there is a conflict between [its] decisions on an issue of law and those of the Court of Appeals." *State v. Clinton*, 155 Idaho 271, 272, n.1, 311 P.3d 283, 284, n.1 (2013). So, if indeed *Perry* and *Carter* operate to preclude an appeal of the failure to sua sponte reduce a sentence, then we may not rely upon our prior precedent.

It might be argued that the contemporaneous objection rules of *Perry* and *Carter* simply do not apply to the exercise of sentencing discretion upon relinquishment or revocation. The Idaho Supreme Court explained the policy behind the need for a timely objection in *Perry*:

> Generally Idaho's appellate courts will not consider error not preserved for appeal through an objection at trial. *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995). "This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the [trial] court the

3

opportunity to consider and resolve them." *Puckett v. U.S.*, 556 U.S. 129, __, 129 S. Ct. 1423, 1428, 173 L.Ed.2d 266, 274 (2009). Ordinarily, the trial court is in the best position to determine the relevant facts and to adjudicate the dispute. *Id.* "In the case of an actual or invited procedural error, the [trial] court can often correct or avoid the mistake so that it cannot possibly affect the ultimate outcome." *Id.* Furthermore, requiring a contemporaneous objection prevents the litigant from sandbagging the court, i.e., "remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor." *Id.*

*Perry*, 150 Idaho at 224, 245 P.3d at 976. Regarding contemporaneous objection, we note that under present case law a defendant facing relinquishment is not entitled to a hearing, and therefore, may be practically limited in the ability to register a contemporaneous objection. *State v. Coassolo*, 136 Idaho 138, 30 P.3d 293 (2001); *State v. Denny*, 122 Idaho 563, 835 P.2d 1374 (Ct. App. 1992). A defendant may further be limited in the ability to take up the issue of reduction of sentence at the time of relinquishment or revocation because doing so may impair the ability to file an Idaho Criminal Rule 35 motion. By its terms, Rule 35 allows only one motion by the defendant for leniency and reduction of sentence. Such motion may be filed within 120 days of relinquishment or 14 days of revocation. In *State v. Hurst*, 151 Idaho 430, 438, 258 P.3d 950, 958 (Ct. App. 2011) we held that the defendant's request, at a retained jurisdiction review hearing, for the district court "to consider exercising [its] abilities under Rule 35" and to "consider dramatically cutting down on [the] fixed time" constituted an oral motion that precluded the defendant from filing a later Rule 35 motion to reduce the sentence.[2] Thus, *Hurst* may have the consequence of effectively precluding a defendant from frank discussion at the relinquishment or revocation proceeding regarding reduction of sentence.[3]

---

[2]     *But see State v. Salsgiver*, 112 Idaho 933, 935, 736 P.2d 1387, 1389 (Ct. App. 1987) (per curiam), in which the defendant had lost the ability to file a Rule 35 motion, yet we stated:
> However, the apparent loss of potential relief under Rule 35 is offset in some measure by the power inherent in retained jurisdiction itself. Although I.C. § 19-2601(4) contains no explicit reference to reducing a sentence, we see no reason why a court, exercising the jurisdiction it has retained, may not reduce a sentence earlier pronounced. If the Rule 35 motion is essentially a plea for leniency, *see, e.g., State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984), then a similar plea may be made to the court when it decides whether to relinquish jurisdiction.

[3]     The Supreme Court has held that in presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203,

4

Another potential argument for allowing appeal may be that the *Perry/Carter* requirement of timely objection is, in effect, satisfied by virtue of the nature of a relinquishment or revocation proceeding. It may be asserted that the defendant's sentence is inherently part and parcel of the decision to relinquish or revoke. In other words, the proceeding or decision to relinquish or revoke is, by its nature, a contested issue both as to execution of the sentence as well as the appropriate sentence to execute. In *State v. Jensen*, 138 Idaho 941, 944, 71 P.3d 1088, 1091 (Ct. App. 2003) (per curiam), this Court said:

> The Idaho appellate courts have jurisdiction, on appeal from an order revoking probation, to entertain a claim that a sentence is excessive. This is so because, by terms of Idaho Criminal Rule 35, whenever a trial court revokes probation it has authority to sua sponte reduce the sentence that was originally pronounced. It is consequently permissible for appellants to present as an issue whether the trial court abused its discretion in failing to reduce a sentence upon the revocation of probation. That type of appeal is a challenge to a *new* decision (explicit or implicit) made by the district court upon revocation of probation.

This Court has, then, in effect suggested that the trial court's failure to reduce the sentence is an adverse decision, albeit made in silence.[4] As such, the argument would be that the nature of the proceeding itself involves an objection to execution of the sentence without reduction. On the other hand, the question is, does it really? We can identify two circumstances when an express objection has not been deemed necessary in order to appeal. The defendant has not been required to object upon entry of the jury's verdict to the insufficiency of the evidence in order to appeal that issue. Likewise, the defendant has not been required to object to the sentence

---

159 P.3d 838, 840 (2007). It may well be surmised that the information (including new or additional) available to the district court at the time of relinquishment or revocation is hardly favorable to the defendant. Relinquishment is likely based upon negative information from the Department of Correction regarding the defendant's performance in the retained jurisdiction program. Revocation will occur when the defendant has admitted to or been found to have committed probation violations severe enough to warrant revocation and execution of the underlying sentence. These may not be the best times for the defendant to marshal favorable information to submit to the court in support of Rule 35 leniency. Consequently, under the rule in *Hurst*, the defendant may well waste any potentially successful Rule 35 motion by raising the issue of reduction at relinquishment or revocation.

[4] Although we also note that we have allowed appeals claiming that while the trial court expressly and sua sponte reduced the sentence, the court failed to reduce it enough.

pronounced immediately after its pronouncement in order to challenge on appeal the appropriateness of the sentence. However, it can be readily seen that the very nature of the trial is nothing but a contest over the sufficiency of the evidence to determine guilt. Similarly, the only point of sentencing proceedings is to contest--absent express agreement--the sentence to be imposed. Thus, no further objection or request is necessary. On the other hand, while the trial court has authority to reduce a sentence upon relinquishment or revocation, the primary focus of those proceedings may be said to be the decision to place the defendant in prison rather than on probation.

Conversely to the above arguments, it is clear, based upon *Perry* and *Carter*, that the Supreme Court is insistent that it is the parties that have the obligation to preserve their claims of error by making an appropriate objection at the time of the error, rejecting the claim that the duty to act is on the trial court. So, just because a trial court has authority to do something has not been held to mean that it is required to do so sua sponte, without a party's request or objection. In addition, "the *Perry* standard applies to *all* claims of error relating to proceedings in criminal cases in the trial courts." *Carter*, at 174, 307 P.3d at 191 (emphasis added). Thus, it would seem that if a defendant wishes the court to exercise its discretion to reduce the sentence upon relinquishment or revocation, the defendant should be required to request as much (*Hurst* notwithstanding). If it can be said that the issue of whether to reduce a sentence is "inherent" or always at play in the relinquishment or revocation process, then it would seem there should be discussion about it, by way of request or objection.[5] Likely most, if not all, trial court's think about whether to reduce the sentence upon relinquishment or revocation (although not often evident from our record). But, as stated in *Perry* regarding the necessity of objection or request:

> This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the [trial] court the opportunity to consider and resolve them. *Puckett v. United States*, 556 U.S. 129, ___, 129 S. Ct. 1423, 1428, 173 L.Ed.2d 266, 274 (2009). Ordinarily, the trial court is in the best position to determine the relevant facts and to adjudicate the dispute. *Id.*

---

[5] On occasion, appellants challenge the district court's failure to sua sponte reduce the sentence, but expressly note that, while a Rule 35 request for leniency was actually filed, no appeal is taken from its denial because it was not supported by new or additional information. So, oddly, the actual request for leniency is not the subject of that appeal, but the silence of the district court in executing the sentence without modification, when no request was made.

*Perry*, 150 Idaho at 224, 245 P.3d at 976. Accordingly, it seems as though the process should be that the defendant can contest both the decision to execute and the appropriateness of the sentence to be executed at the time of relinquishment or revocation.[6] Should the defendant fail to request modification, then appellate review would be impermissible except as to relinquishment or revocation itself.[7]

It should also be remembered that the defendant has multiple options to challenge an excessive sentence and/or request reduction. The primary avenue for a defendant to appeal a sentence is through direct appeal. A defendant has forty-two days to appeal the sentence after the judgment of conviction is entered. Idaho Appellate Rule 14(a). However, if the court retains jurisdiction, pursuant to Idaho Code § 19-2601, the time to appeal the sentence is "enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation." I.A.R. 14(a). A defendant must still file an appeal challenging the judgment of conviction within forty-two days of the judgment. *Id.* Where a defendant is first placed on probation, and then the court retains jurisdiction after probation is revoked, the defendant must file an appeal of the sentence within forty-two days of the judgment. *See State v. Williams*, 126 Idaho 39, 41-42, 878 P.2d 213, 215-16 (Ct. App. 1994). Idaho Criminal Rule 35(b) allows a defendant to file a motion to reduce the sentence within 120 days from when the judgment of conviction is filed or within 120 days of when the court releases retained jurisdiction. A defendant may also move for a reduction of sentence within fourteen days of an order revoking probation. *Id.* As noted, however, a

---

[6] Although, as noted, there remains the problem of relinquishment without hearing and the rule in *Hurst*.

[7] As another concern, this Court has stated:
> It is a common practice for a trial court to impose a rather severe underlying sentence as an incentive for the defendant to perform well in the retained jurisdiction program and to comply with the probation terms if the defendant is ultimately placed on probation. A lengthy underlying sentence also preserves the judge's options until such time as probation may be denied or revoked, when the court can decide whether the sentence should be reduced. A long underlying sentence thus provides the judge a hedge against the uncertainty of the defendant's future performance.

*State v. Jones*, 141 Idaho 673, 676, 115 P.3d 764, 767 (Ct. App. 2005). If that is the case, it may be even more important to expressly review the appropriateness of the underlying sentence upon the eventual relinquishment or revocation.

defendant is limited to one motion to reduce the sentence under Idaho Criminal Rule 35(b). Thus, there are avenues for sentence review and relief.

Based upon the foregoing discussion, we hold that *Perry* and *Carter* apply to preclude an appeal challenging the trial court's failure to sua sponte reduce a sentence upon relinquishment of jurisdiction or revocation of probation. Clontz claims the district court erred by failing to sua sponte reduce his sentence pursuant to its discretionary authority under Rule 35. Thus, Clontz's claim is based upon a rule violation, not upon a violation of one of his constitutional rights. As Clontz's claim fails to satisfy the threshold requirement established in *Perry*, Clontz's claim is not reviewable as it does not constitute fundamental error. Therefore, the order relinquishing jurisdiction and directing execution of Clontz's previously suspended sentence is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**