**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41011**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 747 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 1, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| VINCENT D. STEWART, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment revoking probation and executing underlying sentence, <u>vacated</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Vincent D. Stewart appeals from the district court's judgment revoking his probation and executing his underlying sentence. Specifically, he contends the district court erred by revoking his probation in his absence and upon a nonwillful violation and by failing to *sua sponte* reduce his underlying sentence. For the reasons set forth below, we vacate and remand.

**I.**

**FACTS AND PROCEDURE**

In December 2010, Stewart pled guilty to felony possession of a controlled substance pursuant to a plea agreement.[1] The district court imposed a unified sentence of seven years, with

_____

[1] Simultaneously, Stewart also pled guilty to domestic battery and petit theft in two other cases.

1

three years determinate, but suspended the sentence and placed Stewart on probation for four years. A condition of probation was that Stewart successfully complete mental health court.

On October 18, 2012, Stewart was suspended from mental health court for rule violations. Several days later, on October 23, as a result of the suspension and an allegation that Stewart had committed new crimes, the State filed a petition alleging probation violations. At an evidentiary hearing, Stewart admitted to the violations. On March 7, 2013, a disposition hearing was held during which the district court imposed the underlying sentence, but suspended execution of the sentence and placed Stewart back on probation for three years with the same terms and conditions of his previous probation, including that he complete mental health court. On March 22, the district court issued an order mirroring these terms.

On March 26, 2013, the State filed another petition for probation violation, alleging Stewart violated the terms and conditions of his probation because he was denied re-entry into mental health court. The district court scheduled the matter for a "Review Hearing." Stewart's counsel filed a motion to transport Stewart to the hearing, which the district court granted. For reasons unclear from the record, Stewart's counsel filed another request to transport Stewart to the hearing, which the district court denied.

Stewart was not present at the review hearing held on April 19, 2013. The district court indicated its understanding that Stewart had not been allowed back into mental health court and in any case, he would not have been able to participate because he was imprisoned due to his probation having been revoked for several Ada County convictions. No evidence or testimony was admitted and the district court made the following determination:

> The Court declined to enter an order to transport him on the basis of Mr. Stewart's inability to complete the probation as ordered for reinstatement in Mental Health Court. The Court revokes his probation [and] will impose a sentence of three years followed by an indeterminate four-year period of time for a total of seven years.

Stewart filed an Idaho Criminal Rule 35 motion to reduce his sentence, which the district court denied. He now appeals.

## II.

## ANALYSIS

Stewart contends the district court violated his due process rights by revoking his probation in his absence. He also contends that revocation of his probation was an abuse of

2

discretion because the alleged violation was not willful and that the district court abused its discretion by failing to *sua sponte* reduce his underlying sentence upon revocation. We need only address the first issue as it is dispositive.[2]

The State argues Stewart's absence at the April 19 hearing did not violate his right to due process because the court's decision at the hearing to revoke Stewart's probation was merely an "amendment" to the court's earlier disposition of Stewart's admitted probation violations. The State concedes, however, that if this Court determines that Stewart's denial of re-entry to mental health court comprised a separate probation violation, "standard due process protections were not satisfied as there was no separate arraignment or adjudication of that alleged violation."

A review of the record convinces us that the State's March 26, 2013, petition for probation violation was not merely a continuation of the petition alleging a violation filed on October 23, 2012; rather, it constituted a separate violation allegation requiring distinct due process procedures. We come to this conclusion based on several factors. At the close of the March 7, 2013, disposition hearing, the district court reinstated the previously imposed sentence, but then explicitly suspended execution of the sentence and placed Stewart *back* on probation:

> Mr. Stewart, you having admitted violating your probation, I do find that you are in violation of your probation. I am going to impose the sentence previously suspended of three [years] fixed followed by four indeterminate for a total of seven years. I will suspend execution of that sentence and place you back on probation on [the] same terms and conditions previously imposed, which includes successful completion of the Mental Health Court program.
> I do not know if they'll take you back there, sir. I'm certainly recommending and giving you that opportunity. If they don't, then you'll be in violation of this program, and I'll have to do something differently.
> . . . .
> [The] suspended sentence is suspended for a period of three years from today's date. Same terms and conditions previously imposed, including successful completion of Mental Health Court.

The court reiterated this disposition on March 22, issuing an "Order on Probation Violation" ordering that "the defendant's probation be revoked and reinstated for a period of three (3) years commencing March 7, 2013 with the same terms and conditions as previously ordered, including the condition that he successfully complete Canyon County Mental Health Court." Notably, the

---

[2] We do note that our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014), is now final and forecloses a claim that a district court erred by failing to *sua sponte* reduce an underlying sentence upon revocation of probation.

district court did not make Stewart's reinstatement on probation contingent upon his re-admittance to mental health court. The court did mention possible future action (having "to do something differently") should Stewart violate his conditions of probation by being denied readmission to mental health court, but it nonetheless unequivocally placed Stewart back on probation where he stayed until the court's adjudication of the State's new petition for probation allegation violation filed on March 26. To interpret the March 26 petition, and the court's subsequent actions, as a continuation of the probation violation proceedings that commenced upon the State's October 23 petition would require an interpretation of the district court's actions that is simply not supported by the record.

Because the State's March 26 petition constituted a separate probation violation allegation and the State concedes Stewart did not receive the requisite due process protections for the adjudication of such a violation, we vacate the district court's judgment revoking Stewart's probation and imposing his underlying sentence and remand.

Judge GRATTON and Judge MELANSON, **CONCUR.**