**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41198**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 770S |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BENJAMIN MAIN, | ) | SUBSTITUTE OPINION |
| | ) | THE COURT'S PRIOR OPINION |
| Defendant-Appellant. | ) | DATED OCTOBER 16, 2014, IS |
| | ) | HEREBY WITHDRAWN |
| | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Thomas F. Neville, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Benjamin Main pled guilty to lewd conduct with a child under the age of sixteen years, I.C. § 18-1508, and sexual abuse of a child under the age of sixteen years. I.C. § 18-1506(c). In exchange for his guilty pleas, the state agreed not to file additional charges, including an allegation that Main was a persistent violator. The district court sentenced Main to an indeterminate life term, with a minimum period of confinement of twenty years, for lewd conduct with a child under the age of sixteen years and a concurrent unified term of twenty-five

1

years, with a minimum period of confinement of twenty years, for sexual abuse of a child under the age of sixteen years. The district court retained jurisdiction and, following completion of Main's participation in the rider program, relinquished jurisdiction. Upon relinquishment of jurisdiction, the district court sua sponte reduced Main's sentences to an indeterminate life term, with a minimum period of confinement of seventeen years, for lewd conduct with a child under the age of sixteen years and a concurrent unified term of twenty-five years, with a minimum period of confinement of seventeen years, for sexual abuse of a child under the age of sixteen years. Main filed an I.C.R. 35 motion seeking further reduction of his sentences, which the district court denied. Main appeals, arguing the district court should have further sua sponte reduced his sentences.

Our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014) forecloses a claim that a district court erred by failing to sua sponte reduce an underlying sentence upon relinquishment of jurisdiction. Main asserts that *Clontz* is distinguishable from his case because the district court did sua sponte reduce his sentences. However, the district court did not err because it did not deny any relief requested by Main. Furthermore, Main filed a Rule 35 motion for reduction of his sentence, which the district court denied and which Main did not appeal from. Accordingly, Main's argument that the court should have further sua sponte reduced his sentence fails.

We note that pursuant to I.A.R. 14, Main could have directly appealed his sentence after jurisdiction was relinquished. However, even if we treat Main's appeal as an appeal of his sentence, we find no error. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982).

Main's argument that the district court should have further sua sponte reduced his sentence is foreclosed by *Clontz*. Even if we treat Main's appeal as a direct appeal of his sentence, he has shown no error. The district court's order relinquishing jurisdiction and the sentence imposed are affirmed.