# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41802

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 816 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 17, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JERRY OLEAN MULLENIX, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with two-year determinate term for aggravated assault, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Jerry Olean Mullenix, Jr. was convicted of aggravated assault, Idaho Code §§ 18-801(b), 18-905(a). The district court imposed a unified five-year sentence with a two-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Mullenix on probation. Subsequently, Mullenix admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Mullenix appeals, contending that the district court abused its discretion in revoking probation and in failing to reduce his sentence sua sponte upon revoking probation.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.* Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking Mullenix's probation.

Our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014), forecloses Mullenix's claim that the district court erred by failing to sua sponte reduce his sentence upon revoking probation. Therefore, we will not address this claim.

The order revoking probation and directing execution of Mullenix's previously suspended sentence is affirmed.