**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43217**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 507** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 28, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JORDAN GARTH BRANDON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Jordan Garth Brandon pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Brandon to a unified term of four years, with a minimum period of confinement of one year. The district court retained jurisdiction, and Brandon was sent to participate in the rider program.

After Brandon completed his rider, the district court relinquished jurisdiction. However, the district court sua sponte reduced Brandon's sentence to a unified term of one and one-half

1

years, with a minimum period of confinement of one year. Brandon appeals, claiming that the district court should have further sua sponte reduced his sentence.

Our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014) forecloses a claim that a district court erred by failing to sua sponte reduce an underlying sentence upon relinquishment of jurisdiction. Brandon asserts that *Clontz* is distinguishable from his case because the district court did sua sponte reduce his sentence. However, the district court did not err because it did not deny any relief requested by Brandon. Accordingly, Brandon's argument that the court should have further sua sponte reduced his sentence fails.

We note that pursuant to I.A.R. 14, Brandon could have directly appealed his sentence after jurisdiction was relinquished. However, even if we treat Brandon's appeal as an appeal of his sentence, there is no error. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982).

Brandon's argument that the district court should have further sua sponte reduced his sentence is foreclosed by *Clontz*. Even if we treat Brandon's appeal as a direct appeal of his sentence, he has shown no error. The district court's order relinquishing jurisdiction and the sentence imposed are affirmed.