**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44602/44603**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 659** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 8, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **TIMOTHY DEAN LIVINGSTON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

Order denying successive I.C.R. 35 motions for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Timothy Dean Livingston appeals from the district court's order denying his Idaho Criminal Rule 35(b) motions for reduction of sentence.  We hold that the district court did not have jurisdiction to consider the successive Rule 35(b) motions.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, Livingston was convicted of misappropriation of personal identifying information.  The district court imposed a unified sentence of five years, with three years determinate.  However, that sentence was suspended and Livingston was placed on probation. Livingston was later found in violation of probation and the original sentence was re-imposed, but that sentence was also suspended and Livingston was again placed on probation in 2015. Also in 2015, Livingston was convicted of possession of a controlled substance.  The district

1

court imposed a unified sentence of five years, with one year determinate, to run consecutive to the 2012 sentence for identity theft. That sentence was also suspended and Livingston was again placed on probation with the added condition that Livingston complete drug court.

In 2016, probation violation proceedings were initiated in both cases. At the disposition hearing, Livingston admitted to violating the terms of probation and asked the district court to continue his probation in both cases; or, alternatively, if the court were to revoke probation, to consider restructuring the original sentences and to consider confinement at the local jail with work release. Both probations were ultimately revoked and the original sentences imposed. However, the sentence for the 2015 conviction was modified, pursuant to I.C.R. 35, to a unified sentence of two years, with one year determinate, again to run consecutive to the 2012 conviction. Thereafter, Livingston filed an I.C.R. 35(b) motion in each case requesting that the court reconsider its decision to impose sentence and to reduce the imposed sentence. At a hearing, the district court heard testimony from two witnesses and Livingston. Subsequently, the district court issued an order denying Livingston's Rule 35(b) motions. Livingston timely appeals.

## II.

## ANALYSIS

As an initial matter, the State argues that Livingston filed successive motions for reduction of his sentences and that pursuant to Rule 35(b), the district court lacked jurisdiction to consider Livingston's successive motions. Livingston asserts that his initial request for leniency at the disposition hearing was not a motion under Rule 35(b) and that the district court did have jurisdiction to consider the subsequent motion. In its order denying Livingston's motions, the district court noted that Livingston requested a reduction of the sentences at the disposition hearing, which was granted in part. The district court declined to decide the significance of this, however, because "the state did not object to this motion on that basis." Whether a court lacks jurisdiction is a question of law that may be raised at any time, and over which appellate courts exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

By its terms, Rule 35(b) allows only one motion by the defendant for leniency and reduction of sentence.[1] Livingston first argues that what the State asserts was his initial

---

[1]     Idaho Criminal Rule 35(b) provides:

2

Rule 35(b) motion was actually "a presentation concerning the options available to the court" and an argument for leniency as an appropriate disposition.[2]  Livingston asserts that the initial request could not be a Rule 35(b) motion because, by the language of the rule, the motion must be made after probation has been revoked.  Livingston points to *State v. Hanington*, 148 Idaho 26, 218 P.3d 5 (Ct. App. 2009) in which this Court held:

> [W]hen we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment.  We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation.

*Hanington*, 148 Idaho at 28, 218 P.3d at 8.  Based on this language, Livingston argues that after revoking probation, a court "determines a *new* sentence."  Therefore, a recommendation to reduce the prior sentence is not a Rule 35(b) motion.  Livingston reads *Hanington* and the scope of review too broadly.  We did not hold that once probation has been revoked a defendant is entitled to a new sentence and thus the ability to appeal the new sentence.  Rather, this particular scope of review applies to the manner in which the original sentence is reviewed, not the imposition of a new sentence.  "After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence."  *Hanington*, 148 Idaho at 27, 218 P.3d at 7.  Because the only mechanism for reducing his sentences was Rule 35, Livingston's oral request for a reduction of sentence at the disposition hearing was a Rule 35(b) motion.

---

Sentences Imposed in an Illegal Manner or Reduction of Sentence.  Within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction, a motion may be filed to correct or reduce a sentence and the court may correct or reduce the sentence.  The court may also reduce a sentence on revocation of probation or on motion made within 14 days after the filing of the order revoking probation.  Motions are considered and determined by the court without additional testimony and without oral argument, unless otherwise ordered.  A defendant may only file one motion seeking a reduction of sentence.

[2]  At the disposition hearing, Livingston's counsel stated:  "If [revocation] were to happen, we would ask Your Honor to consider restructuring the sentences in those cases so that perhaps on this type of probation violation he would be sent away for four years, which I think would be perhaps a little too long under these circumstances."

Next, Livingston argues he had a constitutional right to be heard at the disposition hearing and that right cannot be restricted by Rule 35. Livingston asserts that the issues before the district court were "whether to continue or revoke probation" and "the appropriate sentence to execute" and he "had a due process right to be heard on *all* of these matters, including the reduction of his original sentences, and Rule 35's limitation, therefore, cannot be applied to restrict that right." This argument is based on the misapprehension discussed above that the request made at the disposition hearing was not a Rule 35 motion. Because Livingston's request for leniency was made pursuant to Rule 35(b), Livingston has failed to show any due process right was violated. He was heard on the matter at the disposition hearing. It is his subsequently filed Rule 35 motion that is prohibited by the rule.

Livingston argues that *State v. Hurst*, 151 Idaho 430, 258 P.3d 950 (Ct. App. 2011), does not control in this case, has been called into question by subsequent case law, or, alternatively, should be overruled. At a retained jurisdiction review hearing in *Hurst*, the defendant requested a trial court to consider "exercising [its] abilities under Rule 35" and "dramatically cutting down on [the] fixed time." *Id.* at 438, 258 P.3d at 958. The defendant's request was granted. The defendant later filed a Rule 35 motion to reduce the sentence which the district court rejected as successive. This Court affirmed. We held that the defendant's request at the retained jurisdiction review hearing constituted an oral Rule 35(b) motion that precluded the defendant from later filing a successive motion. *Hurst*, 151 Idaho at 438, 258 P.3d at 958. Like the defendant in *Hurst*, Livingston made an oral motion at the disposition hearing which the district court granted. Livingston attempts to distinguish this case from *Hurst* by asserting that he faced a protected liberty interest in continuing his probation that did not exist for the defendant in *Hurst* at a retained jurisdiction review hearing. Livingston's logic is faulty, however, because the nature of the proceeding makes no difference in the application of the rule. Further, in *Hurst* we stated that "only a single motion for reduction of sentence, whether written or oral, is allowed in all circumstances contemplated by the rule." *Id.* at 439, 258 P.3d at 959. Therefore, *Hurst* is dispositive in the case at bar and Livingston was precluded from filing another Rule 35 motion to reduce sentence.

Livingston further asserts that the holding in *Hurst* has been called into question by *State v. Clontz*, 156 Idaho 787, 331 P.3d 529 (Ct. App. 2014). In *Clontz*, this Court noted that "*Hurst* may have the consequence of effectively precluding a defendant from frank discussion at the

4

relinquishment or revocation proceeding regarding reduction of sentence." *Id*. at 790, 331 P.3d at 532. This Court further observed that "under the rule in *Hurst*, the defendant may well waste any potentially successful Rule 35 motion by raising the issue of reduction at relinquishment or revocation." *Clontz*, 156 Idaho at 790, n.3, 331 P.3d at 532 n.3. This Court ultimately held that the trial court's failure to sua sponte reduce a sentence upon relinquishment of jurisdiction or revocation of probation is not subject to challenge on appeal absent a showing of fundamental error. *Id*. at 792, 331 P.3d at 534. While it is true that we discussed the implications of Rule 35(b) for a defendant who moves for a reduction of sentence at a disposition hearing and is later foreclosed from filing a motion for reduction of sentence, we did not call that rule into question.

With respect to Livingston's assertion that *Hurst* should be overruled, we find no cause to do so for the above-stated reasons. Further, this Court amply discussed the interpretation of the language of Rule 35 in *Hurst* when considering whether an oral request for leniency is a motion under that Rule. The reasoning of *Hurst* is sound and we decline to overrule it.[3] Because Livingston's request for reduction of sentence at the disposition hearing was a Rule 35(b) motion, the district court lacked jurisdiction to consider the merits of Livingston's successive motions.[4]

## III.

## CONCLUSION

Because the district court did not have jurisdiction to grant Livingston's motions to withdraw his guilty plea, we affirm the denial of the successive motions for reduction of sentence.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[3] Livingston's subsidiary arguments are unremarkable and need not further be addressed.

[4] Livingston also argues that the court abused its discretion in denying his Rule 35 motion on the merits. Because of our disposition of the issue of the court's jurisdiction, we do not address this argument.