# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45773

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 10, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANDREW JAMES ESHUN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy Baskin, District Judge.

Order relinquishing jurisdiction and executing a unified sentence of ten years, with two and one-half years determinate, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

      Andrew James Eshun pleaded guilty to felony domestic battery in the presence of a child, Idaho Code §§ 18-918(2), -903(a), -918(4).  The district court imposed a unified ten-year sentence, with three years determinate.  The district court retained jurisdiction, and Eshun was sent to participate in the rider program.  After Eshun completed his rider, the district court relinquished jurisdiction, but sua sponte reduced Eshun's sentence to a ten-year sentence, with two and one-half years determinate.  Eshun appeals, claiming that the district court abused its discretion by imposing an excessive sentence, relinquishing jurisdiction, and failing to further reduce his sentence.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Eshun has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Eshun also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014) forecloses a claim that a district court erred by failing to sua sponte reduce an underlying sentence upon relinquishment of probation. Therefore, we will not further address Eshun's claim that the district court erred by failing to further sua sponte reduce Eshun's sentence upon relinquishment of probation.

The order of the district court relinquishing jurisdiction and Eshun's reduced sentence of ten years, with two and one-half years, are affirmed.