**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45935**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 5, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHAEL BRANDON ROSE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment of conviction and reduced sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Michael Brandon Rose pled guilty to attempted strangulation. Idaho Code § 18-923. Following his plea, Rose was sentenced to a unified term of eight years with two years determinate and the court retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction, but sua sponte reduced Rose's underlying sentence to a unified term of eight years with one and one-half years determinate.

Rose appeals, claiming that the district court erred by retaining jurisdiction instead of placing Rose on probation or by failing to further reduce his sentence upon relinquishing jurisdiction.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014) forecloses a claim that a district court erred by failing to sua sponte reduce an underlying sentence upon relinquishment of jurisdiction. Therefore, we will not further address Rose's claim that the district court erred by failing to further sua sponte reduce Rose's sentence upon relinquishment of jurisdiction.

Therefore, Rose's judgment of conviction and reduced sentence are affirmed.