IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45775

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | Filed: February 11, 2019 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| DALE LEE RHEA, III, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and aggregate, unified sentence of eighteen years, with a minimum period of confinement of six years, for two counts of aggravated assault, one count of injury to a jail, and one count of battery on a healthcare worker, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge
_____

PER CURIAM

In four separate cases, Dale Lee Rhea, III pleaded guilty to two counts of aggravated assault, Idaho Code §§ 18-901, 18-905; one count of injury to a jail, I.C. § 18-7018; and one count of battery on a healthcare worker, I.C. § 18-915C. The district court imposed an aggregate, unified sentence of eighteen years, with sixteen years determinate, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. The district court *sua sponte* reduced the determinate portion of two of Rhea's sentences, resulting in an aggregate, unified sentence of eighteen years, with six years

1

determinate. Rhea timely appealed in each case and argues the district court abused its discretion when it retained, and subsequently relinquished, jurisdiction over Mr. Rhea rather than placing him on probation and by only *sua sponte* reducing his sentences to eighteen years, with six years fixed.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 596-97 (Ct. App. 1990).

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Further, our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014) forecloses a claim that a district court erred by failing to further *sua sponte* reduce an underlying sentence upon relinquishment of jurisdiction.

We hold that Rhea has failed to show that the district court abused its discretion by retaining, and subsequently relinquishing, jurisdiction or in failing to further reduce his sentences upon relinquishment of jurisdiction. The order of the district court relinquishing jurisdiction and Rhea's sentences are affirmed.