# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46201

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

MICHAEL PATRICK VON BERNDT,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 18, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge
_____

PER CURIAM

Michael Patrick Von Berndt pled guilty to grand theft. Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court sentenced Von Berndt to a fourteen-year sentence, with ten years determinate, but after a period of retained jurisdiction, suspended the sentence and placed Von Berndt on a term of probation. Von Berndt admitted to violating the terms of his probation and the district court again retained jurisdiction. After Von Berndt's second period of retained jurisdiction, the district court placed Von Berndt on probation. Subsequently, Von Berndt admitted to violating the terms of his probation, and the district court revoked probation and ordered execution of a reduced sentence of fourteen years, with seven years determinate. Von

1

Berndt appeals, contending that the district court abused its discretion in revoking probation and failing to reduce his sentence further.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have further reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. Our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014) forecloses a claim that a district

2

court erred by failing to sua sponte reduce an underlying sentence upon revocation of probation. Therefore, the district court's order revoking probation is affirmed.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in failing to further reduce Von Berndt's sentence without modification. Therefore, the order revoking probation and directing execution of Von Berndt's reduced sentence is affirmed.